# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

Lyle W. Cayce
Clerk

No. 12-50807
c/w No. 12-50814
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

CHARLES NEEL ALEXANDER,

                              Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-622-1
USDC No. 1:12-CR-153-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Neel Alexander appeals the sentence imposed after revocation of his supervised release, arguing that the plainly unreasonable standard should not apply because it is inconsistent with United States v. Booker, 543 U.S. 220 (2005), and that the plain error standard should not apply because he argued for a sentence at the bottom of the guidelines range in the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alternatively, he asserts that the revocation sentence is plainly unreasonable because the district court revoked his supervised release based on the same conduct giving rise to his new offense of conviction, his risk of recidivism is low because he is 61 years old, and the revocation sentence was greater than necessary to achieve the goals of sentencing set out in 18 U.S.C. § 3553(a).

Booker did not abrogate 18 U.S.C. § 3742(a)(4), and in this circuit, a preserved challenge to a revocation sentence is reviewed under the plainly unreasonable standard. United States v. Miller, 634 F.3d 841, 843 (5th Cir. 2011). Because Alexander did not object to the reasonableness of the sentence at the revocation proceeding, however, review is limited to plain error. See United States v. Whitelaw, 580 F.3d 259, 265 (5th Cir. 2009).

Although Alexander's 24-month revocation sentence is considerably higher than the four to ten month guidelines policy range, we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justified the variance. See United States v. Kippers, 685 F.3d 491, 500 (5th Cir. 2012). The district court exercised its discretion to order that the 24-month revocation sentence be served consecutively to the 10-month sentence imposed for failing to register as a sex offender conviction. See 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c) & comment. (n.3(C)). The district court considered Alexander's arguments and allocution and implicitly considered his history and characteristics, including that he fled from the residential treatment center, failed to participate in court-ordered sex-offender treatment, and failed to obtain employment while on supervised release. We have routinely upheld revocation sentences that exceed the guidelines range but are within the statutory maximum. See Kippers, 685 F.3d at 498-99; Whitelaw, 580 F.3d at 265. Therefore, there was no error, plain or otherwise. See Kippers, 685 F.3d at 500-01; Whitelaw, 580 F.3d at 265.

AFFIRMED.